LEVI DIX AND WIFE ET AL, *v.* DAVID CLAPHAM ET AL.

**Guardian and Ward—Judgment Against Minors.**

The mere appointment of a guardian ad litem for infants, to take care of their interests, is not sufficient. Before a judgment could be rendered affecting the infants' interest, it must appear that the appointment had been accepted, and a necessary answer tendered for them.

APPEAL FROM CAMPBELL CIRCUIT COURT.

October 5, 1869.

OPINION OF THE COURT BY JUDGE HARDIN:

This was a suit in equity for a sale of real estate in the Buena Vista addition to the city of Newport, comprising lot No. 319 and part of lot No. 318, under the provisions of section 543 of the Civil Code.

And the 55th section of the Code declares that "No judgment can be rendered against an infant until after a defense by a guardian."

The appellants, Theodore, William and Georgiana Clapham, were proceeded against as infants, and although Benjamin Bull was appointed to act as their guardian *ad litem*, and also to take care of their interests as required by said section of the Code, he filed no answer for the infants as their guardian *ad litem,* nor does it appear whether he accepted the appointment, or acted in behalf of the infants in any capacity.

It is argued for the appellees that the mere appointment of a suitable person to take care of the interests of the infants, dispensed with the services of a guardian *ad litem*. But we are of a different opinion. Section 131 of the Civil Code provides that:

> "It shall be the duty of the guardian of an infant or committee of a person of unsound mind, or attorney appointed for a prisoner, to file an answer denying the material allegations of the petition, prejudicial to such defendant."

In our opinion it should not only appear that the guardian had filed the requisite answer but that the appointment to "take care of the infants' interest" had been accepted before the judgment of sale was rendered.

Wherefore, the judgment is reversed and the case remanded for further proceedings not inconsitsent with this opinion.

*Menzies & Furber, for appellants.*

*Hawkins, for appellees.*